UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Henry Floyd Gilchrist**, | ) C/A No. 3:07-2620-GRA-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| South Carolina Veterans Administration; | ) |
| United States District Court; | ) |
| Magistrate Judge William Catoe; | ) |
| Veterans Affairs Medical Center, and | ) |
| Melba Banks, Chief of Chaplains, | ) |
| | ) |
| Defendants. | ) |

This is a civil action filed *pro se*. Plaintiff, proceeding *in forma pauperis*, complains that he has been harmed in his ability to pursue a profession as a religious minister as a result of certain previous litigation in this Court. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), other provisions in the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, _ S. Ct. _, _ L.Ed.2d _, 2007 WL 1582936 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is



evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[1]

## DISCUSSION

Plaintiff claims that he lost his veterans benefits (apparently following undisclosed administrative proceedings before the South Carolina office of the Veterans Administration) after losing an employment-related racial and disability discrimination case, *see Gilchrist v. Dep't of Veterans Affairs*, Civil Action No. 7:01-2522-GRA. and that he lost his opportunity to become a chaplain through a program at the Veterans Affairs Medical Center when it was discovered that he was convicted of criminal contempt in 1996 for threatening a judge of this Court in connection with some then-pending *pro se* civil actions. *See U. S. v. Gilchrist*, Criminal Action No. 6:96-219-SB. Plaintiff claims that a report issued by United States Magistrate Judge William M. Catoe in connection with the 1996 contempt action "painted a falsely gruesome and violence [sic] picture of [Plaintiff], the image was and still is false," although he does not deny that he threatened the judge or claim that he was otherwise innocent of the contempt charge.

---

[1] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).



Plaintiff also claims that he was further harmed when he was not successful in a *pro se* civil action alleging racial discrimination and violations of the Americans with Disabilities Act that he later brought in this Court after leaving the training program at the Veterans Affairs Medical Center. Although the result in that case: a finding on summary judgment that Plaintiff had not proved either racial or disability-related employment discrimination – was upheld on appeal to the Fourth Circuit, *Gilchrist v. Dep't of Veterans Affairs*, No. 03-1050, 2003 WL 1199574 (4th Cir. March 17, 2003), Plaintiff now contends that the prior civil action should have been considered by this Court as a "Disabled Veterans Case" rather than as an employment discrimination case. He also now claims that at some undisclosed time he was given information by an employee in a management position at the Defendant Veterans Affairs Medical Center that the supervisor who Plaintiff had claimed discriminated against him had been fired for being "prejudice towards African Americans, and Non-White Students . . ." and for preventing other trainees from joining Plaintiff's discrimination litigation. Complaint, at 8. As a result of his discovery of this information at some undisclosed time either during or after the completion of the proceedings in Civil Action No. 7:01-2522-GRA, Plaintiff now appears to desire reconsideration of the previous discrimination case because, at least impliedly, he claims that he did not receive a fair review of his allegations of discrimination in connection with his withdrawal from the chaplain training program in the previous case, perhaps due to alleged evidentiary shortcomings and /or judicial bias.

Plaintiff names as Defendants in this case: the South Carolina office of the Veterans Administration (VA), apparently to contest the post-employment case change in his veterans' benefits; this Court, apparently to contest the procedures used and outcomes reached in both the criminal contempt and the employment discrimination cases; and the Veterans Affairs Medical

3



Center (Medical Center), the same defendant as in Civil Action No. 7:01-2522-GRA, apparently to contest the termination of his participation in the chaplain training program and the supposed failure to tell Plaintiff about the firing of his supervisor after Plaintiff left the program.  Additionally, liberally construed, the list of Defendants also includes United States Magistrate Judge William M. Catoe and Chief of Chaplains Melba Banks.[2]

Plaintiff asks this Court to (1) order the Defendant VA to reinstate his veterans benefits, (2) order the Defendant Medical Center to grant him a certificate of completion of two units of VA chaplain training and to pay him a "settlement" for lost wages, and (3) order that his 1996 criminal contempt conviction in this Court and all records relating thereto be "removed" (expunged). Finally, Plaintiff asks for a pardon or clemency in the criminal case so that he can work as a minister or for the government.

Initially, to the extent that Plaintiff wants this Court to consider (or re-consider) his claims about the alleged post-employment discrimination-action change in his veterans benefits as a "Disabled Veterans Case," and to order the VA to resume his veterans disability benefits, this Court is without subject matter jurisdiction to grant these requests. This is particularly true where Plaintiff has not provided the Court with any particular statute or law applicable only to veterans under which he claims that subject matter jurisdiction exists. It is well settled that federal courts are courts of

---

[2] In naming this Court and the Veterans Affairs Medical Center as Defendants on the caption and in the body of his Complaint, Plaintiff attaches the suffix "D/B/A Magistrate, Judge William M. Catoe" and "D/B/A Chief of, Chaplains, Mrs. Melba Banks" respectively.  Although this is not a proper manner in which to name individual employees or officials of a public or business entity as parties to litigation, in light of Plaintiff's *pro se* status and the requirement that this Court liberally construe *pro se* pleadings, in an order accompanying this report, the undersigned is directing the Clerk of Court to add both Judge Catoe and Melba Banks to the list of Defendants on the docket of this case.

4



limited jurisdiction, and possess only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Jurisdiction is not to be expanded by judicial decree. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). Further, it is to be presumed that a cause lies outside this Court's limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

Pursuant to established federal law, United States District Courts do not have review authority in veteran's benefits matters. *See* 38 U.S.C. § 511 (" . . . the decision of the Secretary as to any such question [about "provision of benefits by the Secretary to veterans or the dependents or survivors of veterans"] shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.");[3] *Johnson v. Robison,* 415 U.S. 361, 370 (1974) (recognizing statute's dual purpose of insulating courts and VA

---

[3] **38 U.S.C. § 511. Decisions of the Secretary; finality**

**(a)** The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

**(b)** The second sentence of subsection (a) does not apply to--

   **(1)** matters subject to section 502 of this title [review of VA rules and regulations];
   **(2)** matters covered by sections 1975 and 1984 of this title [veterans' life insurance claims];
   **(3)** matters arising under chapter 37 of this title [armed services pay matters]; and
   **(4)** matters covered by chapter 72 of this title [Court of Appeals for Veterans Claims].

5



from veteran benefits litigation and of insuring uniform determinations of benefits and application of VA policy) (construing predecessor statute, 38 U.S.C. § 211(a)); *Tietjen v. U. S. Veterans Admin.,* 884 F.2d 514, 515 (9th Cir. 1989) (affirming district court dismissal under § 211(a) of challenge to benefits determination); *see also* H.R.Rep. No. 1166, 91st Cong., 2d Sess. (1970), *reprinted in* 1970 U.S.C.C.A.N. 3723, 3731 ("Congress intends to exclude from judicial review all determinations with respect to noncontractual benefits provided for veterans . . .."). This lack of review jurisdiction has been widely recognized by federal courts in numerous cases where, as here, the case filed by the plaintiff did not explicitly or specifically request for review of a VA decision on veterans benefits, but where the substance of the claim would require such review. *See, e.g.*, *Weaver v. U.S.*, 98 F.3d 518, 520 (10th Cir. 1996)(claims of fraud, conspiracy, and misrepresentation by VA officials properly construed as invalid court challenge to denial of veterans benefits; no subject matter jurisdiction); *Taylor v. U.S.*, 642 F.2d 1118, 1120 (8th Cir. 1981)(civil damage suit, the substance of claim is an attempt to obtain judicial review of the VA's denial of benefits claim and thereby circumvent the ban of Section 211(a) on judicial review; no subject matter jurisdiction); *Anderson v. Veterans Admin.,* 559 F.2d 935 (5th Cir. 1977) (civil damage suit alleging constitutional violations); *Ross v. U. S.*, 462 F.2d 618 (9th Cir.) (same, alleging defamatory evidence in VA benefits case), *cert. denied*, 409 U.S. 984 (1972); *Perry v. U. S.*, 405 F.Supp. 1061 (E.D. Mo. 1975) (claim for personal injuries allegedly caused by denial of benefits).

To the extent that the *pro se* Complaint could be liberally construed as one seeking to recover damages (lost wages, etc.) allegedly caused by wrongdoing at the VA, the Medical Center, or this Court and/or of federal officials or employees employed with such federal agencies such as

6



Defendant Banks or Catoe under the Federal Torts Claim Act (FTCA),[4] it also does not appear that this Court has subject matter jurisdiction to consider that claim. Under the well-established legal doctrine of sovereign immunity, the United States, its departments, and agencies cannot be sued without its express consent. *U. S. v. Mitchell*, 463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants because, assuming those officers/employees are sued in their official capacity, they are, essentially, performing the responsibilities of the United States itself and thus are entitled to immunity as well. *See Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf. Hawaii v. Gordon*, 373 U.S. 57, 58 (1963).[5]

One of the few areas in which the United States government has waived its sovereign immunity is in the area of personal injuries allegedly caused by government officials or employees. Under specific and limited circumstances, an injured party may sue the United States for damages allegedly caused by an agency such as the VA, this Court, or the Medical Center, or by federal employees such as Defendants Banks and Catoe pursuant to the FTCA. However, litigants must strictly comply with the requirements of the FTCA, *U. S. v. Kubrick*, 444 U.S. 111, 117-18 (1979), and the burden is on the plaintiff in an FTCA case to prove that he/she completed all the conditions precedent to filing a lawsuit. *Kielwien v. U. S.*, 540 F.2d 676, 679 (4th Cir. 1976). Here, although

---

[4] *See* 28 U.S.C.§§ 1346, 2674. The FTCA waives the sovereign immunity of the United States in certain situations.

[5] Suit under the FTCA lies only against the United States. The VA, this Court, and the Medical Center, each of which are encompassed in the broad definition of a federal agency under the FTCA, *see* 28 U.S.C. § 2671, may not be sued directly on claims brought under 28 U.S.C. § 1346(b). Rather, it is expressly provided that "(t)he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title . . . ." 28 U.S.C. § 2679(a).



Plaintiff does not refer to the FTCA anywhere in his Complaint as the basis for his law suit, even if he had done so, that aspect of the Complaint would also be subject to summary dismissal because there is no indication that Plaintiff complied with FTCA pre-suit requirements such as the filing and prosecution of formal administrative claims with the appropriate federal agencies before commencement of this civil action.  *See* 28 U.S.C. § 2675[6]; *Myers & Myers, Inc. v. U. S. Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *see also* 28 C.F.R. § 14.2 and the "STANDARD FORM 95." *See generally* Diane M. Allen, Annotation, *When Is Claim Properly Presented to Federal Agency, under 28 U.S.C.A. § 2675(a), for Purposes of Satisfying Prerequisite to Subsequent Suit*

---

[6] Section 2675 states:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

(c) Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages.



*under Federal Tort Claims Act*, 73 A.L.R.Fed. 338 (2004). Since an FTCA claim appears to be the only potential basis evident from the face of the Complaint on which Plaintiff could recover for the alleged wrongdoing of Defendants Medical Center and/or Banks in connection with the previous employment discrimination action, the Complaint is subject to summary dismissal as to these Defendants as well.

Furthermore, to the extent that the Complaint could be liberally construed as one seeking injunctive relief (retrial of the employment discrimination case[7] and/or expungement of the criminal contempt conviction and records) on a claim pursuant to the *Bivens* Doctrine,[8] for implied, but not specifically alleged, constitutional violations by the Defendant Judge Catoe in connection with his rulings and/or other participation in either the criminal contempt or the employment discrimination case, any such claim would be barred by the doctrine of judicial immunity.[9]

---

[7] As previously stated, the result in Civil Action No. 7:01-2522-GRA was approved on appeal to the Fourth Circuit. Plaintiff is barred from receiving a "re-trial" of that veterans chaplain-training-related case against the same defendant by the doctrine of *res judicata*. *See Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992) (district court erred in denying motion for summary judgment based on *res judicata* where plaintiff attempted, after having brought suit including an ADEA claim, to bring a subsequent suit in a different court alleging breach of contract); *Hogue v. Royce City*, 939 F.2d 1249, 1253 (5th Cir. 1991) (ADEA claims subject to dismissal because of previous suit on wrongful discharge); *Langston v. Ins. Co. of N. Am.*, 827 F.2d 1044, 1048-49 (5th Cir. 1987) (*res judicata* barred suit under ADEA where previous suit was for wrongful discharge).

[8] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

[9] Such a claim could not be made directly against either the VA, Medical Center or this Court
(continued...)



> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995). The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). Since

---

[9](...continued)
because it is settled that a *Bivens* action does not lie against an agency of the federal government. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). The Complaint does not contain allegations of wrongdoing of constitutional proportions against Defendant Banks.

10



it is clear that Plaintiff's allegations of wrongdoing by Judge Catoe all go to the manner in which he performed his judicial functions in connection with the Criminal Action No. 6:96-219-SB and Civil Action No. 7:01-2522-GRA, none of those allegations is actionable in light of the above legal standards, and the Complaint is subject to summary dismissal as to Defendant Judge Catoe.

Additionally, to the extent that the Complaint could be liberally construed as an attempt to move the Court to exercise its equitable jurisdiction to expunge his 1996 criminal contempt conviction in Criminal Action No. 6:96-219-SB, it is clear that there are no facts alleged in the Complaint which would support a finding of the required exceptional circumstances justifying such relief. A person can petition the federal court (complaint for injunctive relief) to expunge all federal *judicial* (but not executive branch) records .... but it is very difficult to prove the "exceptional circumstances" that would support a judgment for expunction. *See Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984) (expungement of an arrest record is relief confined to "exceptional circumstances"). While, aside from the isolated statutory bases for expungement (none of which are present in this case), courts also have inherent equitable power to order the expungement of criminal records; *see U. S. v. Doe,* 556 F.2d 391, 393 (6th Cir.1977); such power is of "exceedingly narrow scope." *Coles v. Levine,* 561 F.Supp. 146, 153 (D. Md. 1983) (quoting *Rogers v. Slaughter,* 469 F.2d 1084, 1085 (5th Cir. 1972)), *aff'd,* 725 F.2d 674 (4th Cir.1984); *see also Geary v. U. S.*, 901 F.2d 679, 679 (8th Cir. 1990) (courts may expunge criminal records based on their inherent equitable powers "provided that the case presents extraordinary circumstances"), invocation of courts' inherent power to expunge criminal records is to be reserved only for extreme and compelling circumstances, such as when necessary to "remedy[ ] the denial of an individual's constitutional rights," *Coles,* 561 F.Supp. at 153, or when the government concedes the defendant's innocence.

11



*U. S. v. Van Wagner,* 746 F.Supp. 619, 622 (E.D. Va.1990). *But cf. Geary,* 901 F.2d at 680 (stating that mere "[a]cquittal [of a defendant] generally has not been treated by the courts as an extraordinary circumstance warranting the issuance of an expungement order").

Courts must be cognizant that the power to expunge "is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." *U. S. v. Linn*, 513 F.2d 925, 927 (10th Cir.), *cert. denied*, 423 U.S. 836 (1975). Such extreme circumstances have been found and records ordered to be expunged where procedures of mass arrests rendered judicial determination of probable cause impossible, *Sullivan v. Murphy*, 478 F.2d 938 (D.C. Cir. 1973); where the court determined the sole purpose of the arrests was to harass civil rights workers, *U. S. v. McLeod*, 385 F.2d 734 (5th Cir. 1967); where the police misused the police records to the detriment of the defendant, *Wheeler v. Goodman*, 306 F.Supp. 58 (W.D. N.C. 1969); or where the arrest was proper but was based on a statute later declared unconstitutional, *Kowall v. U. S.,* 53 F.R.D. 211 (W.D. Mich.1971). Nothing like any of these extreme circumstances exist in this case.

Further, Plaintiff did not appeal from his conviction in Criminal Action No. 6:96-219-SB, nor has the conviction been overturned or otherwise called into doubt. Accordingly, unlike in several of the cases referenced above, the Plaintiff's federal criminal conviction currently stands as a valid, uncontested one. Plaintiff's only allegations in support of his liberally construed request for expunction are that the continued presence of the conviction on his record is hindering his economic interests and professional aspirations. Similar allegations of continuing prejudice from an arrest and prosecution, coupled with even stronger facts showing an acquittal on the subject criminal charges, were considered and rejected as insufficient to show "exceptional circumstances" requiring



expunction by the Second Circuit Court of Appeals in *U.S. v. Schnitzer*, 567 F.2d 536 (2d Cir. 1977), *cert. denied*, 435 U.S. 907 (1978) (expunction denied to acquitted rabbinical student claiming prejudice to his economic/professional prospects from existence of records of arrest). With regard to the claims of prejudice from the continued existence of federal criminal arrest and prosecution records raised by the rabbinical student in *Schnitzer*, which are quite similar to those raised by Plaintiff in this case, the Second Circuit stated,

> Schnitzer only alleges that retention of the record would create a poignant problem for him because of his status as a rabbinical student. In short, Schnitzer may be asked to explain the circumstances surrounding his arrest. *However, his situation is not harsh or unique. Such an explanation may be expected from those about to enter a profession, such as a religious or legal profession. The harm, if any, which may result does not fall within the narrow bounds of the class of cases where expungement has been declared appropriate.*

*Id.* at 540 (emphasis added); *see also U.S. v. Salleh*, 863 F. Supp. 283, 284 (court would not expunge records of valid conviction based on a valid guilty plea just because the convicted person experiences employment repercussions due to the conviction; "Defendant has alleged no constitutional violation, nor proclaimed her innocence, nor presented any other justification for expunging her criminal record sufficient to overcome the government's substantial interest in maintaining criminal records."). Based on existing precedent recited above, it is clear that Plaintiff has not stated a viable claim for expunction of the conviction and records in *U. S. v. Gilchrist*, Criminal Action No. 6:96-219-SB, and that the Complaint is subject to summary dismissal to the extent that it contains any such potential claim.

Finally, this Court cannot grant the requested relief of a pardon or clemency in connection with Plaintiff's criminal contempt conviction. Pardons and clemency in federal criminal cases are

13



specifically reserved for exercise by the President of the United States, and applications for such relief must be made through the Justice Department's "Pardon Attorney." *See* http://www.usdoj.gov/pardon/.[10]  Therefore, since Plaintiff's liberally construed *pro se* Complaint fails to state a viable claim for relief against any of the named Defendants and fails to seek relief which this Court may grant, it should be summarily dismissed.

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

August 15, 2007
Columbia, South Carolina

---

[10] "The Pardon Attorney prepares the Department's recommendation to the President for final disposition of each application. Executive clemency may take several forms, including pardon, commutation of sentence, remission of fine or restitution, and reprieve."



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

