UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |
|---|---|
| Henry Floyd Gilchrist, ) | C/A No.: 3:07-cv-02620-GRA |
| ) |  |
| Plaintiff, ) |  |
| ) |  |
| v. ) | ORDER |
| ) | (Written Opinion) |
| South Carolina Veterans Administration; ) |  |
| United States District Court; Magistrate ) |  |
| Judge William Catoe; Veterans Affairs ) |  |
| Medical Center; and Melba Banks, Chief ) |  |
| of Chaplains, ) |  |
| ) |  |
| Defendants. ) |  |
| ) |  |

This matter comes before the Court on review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(g), D.S.C., and filed on August 15, 2007. The magistrate recommended that this Court dismiss the complaint without prejudice and without issuance and service of process. The plaintiff filed objections to the Report and Recommendation on August 29, 2007. For the reasons stated herein, this Court adopts the magistrate's recommendation.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow

for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

## **OBJECTIONS**

Parties must file with the clerk of court specific, written objections to the Report and Recommendation, if they wish the United States District Judge to consider them. Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. Fed. R. Civ. P. 72(b); *See Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Though the plaintiff in the immediate case labels several

comments, accusations, and allegations as "objections," this Court will only address those objections that point the Court to a specific error in the magistrate's Report and Recommendation.

First, Plaintiff objects to the magistrate's reliance on 28 U.S.C. § 1915(e)(2)(B) to summarily dismiss the plaintiff's complaint. Plaintiff apparently argues that 28 U.S.C. § 1343 (a)(1), (2) & (3) disallow the district court from dismissing any claim for civil rights. *Pl's Objections* at 1. The plaintiff misunderstands the purpose of 28 U.S.C. § 1343. This statute merely vests the district courts with subject matter jurisdiction over certain civil rights claims; however, a court may use 28 U.S.C. § 1915 (E)(2)(b) to dismiss actions that are properly brought under 28 U.S.C. § 1343 if the actions: are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. § 1915(E)(2)(b). Therefore, this objection is without merit.

Second, the plaintiff objects to the magistrate's summary of the plaintiff's claim. Magistrate summarized the plaintiff's claim as two-fold: (1) a claim for lost veteran benefits after losing an employment discrimination case; and (2) a claim for loss of opportunity to become a chaplain through the Veterans Affairs Medical Center due to a 1996 criminal contempt conviction. *R. & R.* at 2. Though this appears to be substantiated by the record, the plaintiff objects that:

> The Plaintiff does not make a claim, the Plaintiff has stated a Fact, his Benefits was taken away as soon as U.S. Magistrate Judge William M. Catoe removed Civil Action No. 7:01-2522-HMH from Jurisdiction of U.S. Judge Henry M.

> Herlong, and from the Jurisdiction of a Black Female U.S. Judge Margaret b. Seymour, Plaintiff's Veterans Benefit Records Has also been deleted from the Veterans Administrations Files, the government agency claims that a computer with all the Plaintiffs information was stolen from a Veteran Facility somewhere in the mid-west.  The Plaintiff further allege that he was not aware of a conviction on a Criminal Contempt charge in connection with Criminal Case Action No. 6:96-219-SB, until U.S. Magistrate Judge Bristow Marchant made refence to it in this **_REPORT AND RECOMMENDATION._**  The Plaintiff was told that Janet Reno ordered that he, the plaintiff be released after a review of the merits of Criminal Case Action No. 6:96-219-SB in question under U.S.C. title 42 section 1997a.(a).   This Creates Special Circumstances under U.S.C. Title 42, section 1995, and section 1988.(a), that even if a U.S. District Judge decides not to rule in this case before him, then he is still obligated under law pursuant to civil rights law for the public health and welfare of the Plaintiff as outlined in U.S.C. Title 42 sections 1983.  Therefore, the prior Job Discrimination case should be send back to the U.S. 4th Circuit Court of Appeal on a Writ of Certiorari for the Supreme Court to decide under special circumstances, if the Report written by U.S. Magistrate William M. Catoe and with-held evidence about the Plaintiff's prejudice supervisor, caused a "conflict of interest" on the Summary Judgement, and the Plaintiff's Civil Rights to be violated pursuant U.S. Title 42, since the ruling had a direct impact on the Plaintiff's abilities in Public, Health and Welfare issuses.

*Pl's Objections* at 3-4.  Regardless of this Court's inability to send cases back to the Fourth Circuit, let alone to the Supreme Court, none of the statutes the plaintiff cites mention the words "special circumstances"—the ostensible legal theory that supports the plaintiff's objection.  Therefore, this objection is without merit because it lacks any semblance of legal support.

Third, Plaintiff objects that the 1996 criminal contempt charges are invalid. In the Report and Recommendation Judge Marchant says:

> Plaintiff claims that a report issued by United States Magistrate Judge William M. Catoe in connection with the 1996 contempt action "painted a falsely gruesome and violence [sic] picture of [Plaintiff], the image was and still is false," although he does not deny that he threatened the judge or claim that he was otherwise innocent of the contempt charge.

*R and R* at 2. It appears that the plaintiff is arguing that Magistrate Judge Catoe maliciously and intentionally filed criminal contempt charges against the plaintiff in the form of a "false report." *Pl's Objections* at 5. To support this outlandish allegation, Plaintiff cites "A federal EEOC judge, [and] Two Social Security Administrative Judges whom truly believe that the actions taken by what they termed a 'False Report' in the State Worker's Compensation Case and 'The Summary Judgment' in the Federal Job Discrimination Case has revealed a U.S. Magistrate Judge whom maybe accepting bribes." *Id.* at 5-6. The plaintiff concludes that if the criminal report is false, then the criminal contempt charges are also false.

The plaintiff alleges that Magistrate Judge Catoe wrote this false report for Cr. No. 6:96-cr-219; however, after a thorough review of that case, it appears Magistrate Judge Catoe was not involved in any way. Therefore, this objection is without merit, because the plaintiff's factual allegations are patently false.

Fourth, Plaintiff argues that the district court does have jurisdiction to review the change in his veteran benefits. The plaintiff then cites three different statues to

support this contention. 38 U.S.C. §§ 3100, 3101 & 3102. But, 38 U.S.C. § 511 states: "the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." Further, the plaintiff's suit does not qualify for any of the five exceptions to this rule. § 511(b)(1)-(5). Therefore, the plaintiff's objection is without merit.

## Conclusion

After a thorough review of the magistrate's Report and Recommendation and the plaintiff's objections, this court finds that the magistrate's Report and Recommendation applies sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

THEREFORE, IT IS SO ORDERED THAT the Complaint in this case be dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

_____
G. Ross Anderson, Jr.
United States District Judge

November 6, 2007
Anderson, South Carolina

<u>Notice of Right to Appeal</u>

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.